ing of a *certiorari* to a judgment rendered by the justice of the peace against the customers, this court will not interfere with the discretion of the judge allowing the same unless gross error appears.

TRIPPE, Judge.

---

JOHN R. CRANE, administrator, plaintiff in error, *vs.* PATRICK BARRY, defendant in error.

To an action brought upon a common law award, made by arbitrators under a general submission, the defendant may plead that the award was made on a matter not brought to the consideration of the arbitrators by the parties, and that there was no evidence before them in reference to it, nor any dispute or contest between the parties upon such matter, without filing a copy of the testimony which was submitted to the arbitrators.

TRIPPE, Judge.

---

REBECCA J. MIZE, plaintiff in error, *vs.* WILLIS A. HAWKINS *et al.*, defendants in error.

1. Section 1783 of the Code, declaring void the contracts of a wife which bind her separate estate for the debts of her husband, does not affect the power of a widow to contract with reference to such debts after his death.
2. The testimony at the hearing for the injunction having been conflicting as to the main issue, to-wit: the consideration of the note, it was a matter for the chancellor to determine, and there was no abuse of his discretion calling for the interference of this court.

TRIPPE, Judge.

---

JAMES C. TAYLOR, administrator, plaintiff in error, *vs.* JOHN G. JACOWAY, defendant in error.

The fact that letters of administration on the estate of a creditor, abated in 1868, and further administration was not granted until 1873, does not take a case out of the operation of the act of limitation of 1869, where the se-

Tharpe *vs.* Tharpe.

cond representative of the estate brings suit in 1873 on a promissory note executed and due in 1859.

TRIPPE, Judge.